TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
Assistant United States Attorney
Deputy Chief, International Narcotics,
  Money Laundering, and Racketeering Section
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
International Narcotics,
  Money Laundering, and Racketeering Section
        1400 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:    (213) 894-2576/6875
        Facsimile:    (213) 894-0142
        E-mail:       christopher.kendall@usdoj.gov
                      lindsay.bailey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-354-DSF-29 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JERRY PETTRIGREW, JR. |
| v. | |
| JERRY PETTRIGREW, JR., | |
| Defendant. | |

1. This constitutes the plea agreement between JERRY
PETTRIGREW, JR. ("defendant") and the United States Attorney's Office
for the Central District of California (the "USAO") in the above-
captioned case. This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

1        a.   At the earliest opportunity requested by the USAO and

2   provided by the Court, appear and plead guilty to count sixteen of

3   the indictment in <u>United States v. Adolfo Soto Perez, et al.</u>, CR No.

4   18-354-DSF (the "Indictment"), which charges defendant with

5   Possession with Intent to Distribute Cocaine, in violation of 21

6   U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

7        b.   Not contest facts agreed to in this agreement.

8        c.   Abide by all agreements regarding sentencing contained

9   in this agreement.

10        d.   Appear for all court appearances, surrender as ordered

11   for service of sentence, obey all conditions of any bond, and obey

12   any other ongoing court order in this matter.

13        e.   Not commit any crime; however, offenses that would be

14   excluded for sentencing purposes under United States Sentencing

15   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

16   within the scope of this agreement.

17        f.   Be truthful at all times with the United States

18   Probation and Pretrial Services Office and the Court.

19        g.   Pay the applicable special assessment at or before the

20   time of sentencing unless defendant lacks the ability to pay and

21   prior to sentencing submits a completed financial statement on a form

22   to be provided by the USAO.

23    3.   Defendant further agrees:

24        a.   Truthfully to disclose to law enforcement officials,

25   at a date and time to be set by the USAO, the location of,

26   defendant's ownership interest in, and all other information known to

27   defendant about, all monies, properties, and/or assets of any kind,

28   derived from or acquired as a result of, or used to facilitate the

2

commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to all United States currency, property and assets, including the $42,000.00 in United States currency seized by law enforcement officials on July 6, 2017 (the "Forfeitable Asset"), which defendant admits constitutes the proceeds of defendant's illegal activity in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

b.    To withdraw any claim of interest previously filed with respect to the Forfeitable Asset in either administrative or civil judicial proceedings.

c.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Asset.

d.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Asset.

e.    Not to claim that reasonable cause to seize the Forfeitable Asset was lacking.

f.    That forfeiture of the Forfeitable Asset shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

1   agrees, however, that at the time of sentencing the Court may

2   consider any dismissed charges in determining the applicable

3   Sentencing Guidelines range, the propriety and extent of any

4   departure from that range, and the sentence to be imposed.

5        d.   At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offense up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11       e.   Recommend that defendant be sentenced to a term of

12  imprisonment no higher than the low end of the applicable Sentencing

13  Guidelines range, provided that the offense level used by the Court

14  to determine that range is 25 or higher and provided that the Court

15  does not depart downward in offense level or criminal history

16  category, and subject to any applicable mandatory minimum.  For

17  purposes of this agreement, the low end of the Sentencing Guidelines

18  range is that defined by the Sentencing Table in U.S.S.G. Chapter 5,

19  Part A.

20                      NATURE OF THE OFFENSE

21       5.   Defendant understands that for defendant to be guilty of

22  the crime charged in count sixteen, that is, Possession with Intent

23  to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), the

24  following must be true: (1) defendant knowingly possessed a mixture

25  or substance containing a detectible amount of cocaine; and (2)

26  defendant possessed it with the intent to distribute it to another

27  person.

28

6.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 500 grams of a mixture or substance containing a detectible amount of cocaine. Defendant admits that defendant, in fact, possessed with intent to distribute at least 500 grams of a mixture or substance containing a detective amount of cocaine.

<u>PENALTIES</u>

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) is: 40 years of imprisonment; a lifetime period of supervised release; a fine of $5 million, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) is: five years of imprisonment, followed by a four-year period of supervised release, and a $100 mandatory special assessment.

9.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.   Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future.

1  Defendant understands that while there may be arguments that

2  defendant can raise in immigration proceedings to avoid or delay

3  removal, removal is presumptively mandatory and a virtual certainty

4  in this case.  Defendant further understands that removal and

5  immigration consequences are the subject of a separate proceeding and

6  that no one, including his attorney or the Court, can predict to an

7  absolute certainty the effect of his conviction on his immigration

8  status.  Defendant nevertheless affirms that he wants to plead guilty

9  regardless of any immigration consequences that his plea may entail,

10 even if the consequence is automatic removal from the United States.

11                          FACTUAL BASIS

12      13.  Defendant admits that defendant is, in fact, guilty of the

13 offense to which defendant is agreeing to plead guilty.  Defendant

14 and the USAO agree to the statement of facts provided below and agree

15 that this statement of facts is sufficient to support a plea of

16 guilty to the charge described in this agreement and to establish the

17 Sentencing Guidelines factors set forth in the "SENTENCING FACTORS"

18 section below but is not meant to be a complete recitation of all

19 facts relevant to the underlying criminal conduct or all facts known

20 to either party that relate to that conduct.

21      On July 6, 2017, in Orange County, within the Central
        District of California, defendant intentionally and
22      knowingly possessed with the intent to distribute at least
        500 grams of a mixture or substance containing a detective
23      amount of cocaine, a Schedule II narcotic drug controlled
        substance.

24
        Specifically, defendant, at the direction of a co-
25      conspirator ("Co-Conspirator #1") possessed with the intent
        to distribute approximately 1,998 grams of a mixture or
26      substance containing a detectable amount of cocaine.
        Defendant provided this cocaine to another co-conspirator
27      ("Co-Conspirator #2") in exchange for approximately
        $42,000.

28

                                  7

1    On the same day, in Orange County, within the Central
     District of California, defendant possessed with intent to
2    distribute an additional 1,987 grams of a mixture or
     substance containing a detectable amount of cocaine in the
3    trunk of his vehicle.

4                        SENTENCING FACTORS

5         14.  Defendant understands that in determining defendant's

6    sentence the Court is required to calculate the applicable Sentencing

7    Guidelines range and to consider that range, possible departures

8    under the Sentencing Guidelines, and the other sentencing factors set

9    forth in 18 U.S.C. § 3553(a).  Defendant understands that the

10   Sentencing Guidelines are advisory only, that defendant cannot have

11   any expectation of receiving a sentence within the calculated

12   Sentencing Guidelines range, and that after considering the

13   Sentencing Guidelines and the other § 3553(a) factors, the Court will

14   be free to exercise its discretion to impose any sentence it finds

15   appropriate between the mandatory minimum and up to the maximum set

16   by statute for the crime of conviction.

17        15.  Defendant and the USAO agree to the following applicable

18   Sentencing Guidelines factors:

19    Base Offense Level:             28      U.S.S.G. §§ 2D1.1(a)(5),

20                                                    (c)(6)

21   Defendant and the USAO reserve the right to argue that additional

22   specific offense characteristics, adjustments, and departures under

23   the Sentencing Guidelines are appropriate.  Defendant understands

24   that defendant's offense level could be increased if defendant is a

25   career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

26   offense level is so altered, defendant and the USAO will not be bound

27   by the agreement to Sentencing Guideline factors set forth above.

28        16.  Defendant and the USAO agree that:

                                   8

a. Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count sixteen;

b. The offense charged in count sixteen did not result in death or serious bodily injury to any person; and

c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count sixteen and was not engaged in a continuing criminal enterprise.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1          e.   The right to confront and cross-examine witnesses

2    against defendant.

3          f.   The right to testify and to present evidence in

4    opposition to the charges, including the right to compel the

5    attendance of witnesses to testify.

6          g.   The right not to be compelled to testify, and, if

7    defendant chose not to testify or present evidence, to have that

8    choice not be used against defendant.

9          h.   Any and all rights to pursue any affirmative defenses,

10   Fourth Amendment or Fifth Amendment claims, and other pretrial

11   motions that have been filed or could be filed.

12   <u>WAIVER OF APPEAL OF CONVICTION</u>

13       20.  Defendant understands that, with the exception of an appeal

14   based on a claim that defendant's guilty plea was involuntary, by

15   pleading guilty defendant is waiving and giving up any right to

16   appeal defendant's conviction on the offense to which defendant is

17   pleading guilty.  Defendant understands that this waiver includes,

18   but is not limited to, arguments that the statute to which defendant

19   is pleading guilty is unconstitutional, and any and all claims that

20   the statement of facts provided herein is insufficient to support

21   defendant's plea of guilty.

22   <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

23       21.  Defendant agrees that, provided the Court imposes a total

24   term of imprisonment within or below the Sentencing Guidelines range

25   corresponding to an offense level of 25 and the criminal history

26   category calculated by the Court, subject to any applicable mandatory

27   minimum, defendant gives up the right to appeal all of the following:

28   (a) the procedures and calculations used to determine and impose any

portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

23. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to an offense level of 25 and the criminal history category calculated by the Court, subject to any applicable mandatory minimum, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

11

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations

1   are material, a single breach of this agreement is sufficient for the

2   USAO to declare a breach, and defendant shall not be deemed to have

3   cured a breach without the express agreement of the USAO in writing.

4   If the USAO declares this agreement breached, and the Court finds

5   such a breach to have occurred, then: (a) if defendant has previously

6   entered a guilty plea pursuant to this agreement, defendant will not

7   be able to withdraw the guilty plea, and (b) the USAO will be

8   relieved of all its obligations under this agreement.

9       28.  Following the Court's finding of a knowing breach of this

10  agreement by defendant, should the USAO choose to pursue any charge

11  that was either dismissed or not filed as a result of this agreement,

12  then:

13          a.   Defendant agrees that any applicable statute of

14  limitations is tolled between the date of defendant's signing of this

15  agreement and the filing commencing any such action.

16          b.   Defendant waives and gives up all defenses based on

17  the statute of limitations, any claim of pre-indictment delay, or any

18  speedy trial claim with respect to any such action, except to the

19  extent that such defenses existed as of the date of defendant's

20  signing this agreement.

21          c.   Defendant agrees that: (i) any statements made by

22  defendant, under oath, at the guilty plea hearing (if such a hearing

23  occurred prior to the breach); (ii) the agreed to factual basis

24  statement in this agreement; and (iii) any evidence derived from such

25  statements, shall be admissible against defendant in any such action

26  against defendant, and defendant waives and gives up any claim under

27  the United States Constitution, any statute, Rule 410 of the Federal

28  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

1   Procedure, or any other federal rule, that the statements or any
2   evidence derived from the statements should be suppressed or are
3   inadmissible.

4                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
5                             OFFICE NOT PARTIES

6       29.  Defendant understands that the Court and the United States
7   Probation and Pretrial Services Office are not parties to this
8   agreement and need not accept any of the USAO's sentencing
9   recommendations or the parties' agreements to facts or sentencing
10  factors.

11      30.  Defendant understands that both defendant and the USAO are
12  free to: (a) supplement the facts by supplying relevant information
13  to the United States Probation and Pretrial Services Office and the
14  Court, (b) correct any and all factual misstatements relating to the
15  Court's Sentencing Guidelines calculations and determination of
16  sentence, and (c) argue on appeal and collateral review that the
17  Court's Sentencing Guidelines calculations and the sentence it
18  chooses to impose are not error, although each party agrees to
19  maintain its view that the calculations in paragraph 15 are
20  consistent with the facts of this case.  While this paragraph permits
21  both the USAO and defendant to submit full and complete factual
22  information to the United States Probation and Pretrial Services
23  Office and the Court, even if that factual information may be viewed
24  as inconsistent with the facts agreed to in this agreement, this
25  paragraph does not affect defendant's and the USAO's obligations not
26  to contest the facts agreed to in this agreement.

27      31.  Defendant understands that even if the Court ignores any
28  sentencing recommendation, finds facts or reaches conclusions

                                    14

1 different from those agreed to, and/or imposes any sentence up to the

2 maximum established by statute, defendant cannot, for that reason,

3 withdraw defendant's guilty plea, and defendant will remain bound to

4 fulfill all defendant's obligations under this agreement.  Defendant

5 understands that no one -- not the prosecutor, defendant's attorney,

6 or the Court -- can make a binding prediction or promise regarding

7 the sentence defendant will receive, except that it will be within

8 the statutory maximum.

9 <u>NO ADDITIONAL AGREEMENTS</u>

10     32.   Defendant understands that, except as set forth herein,

11 there are no promises, understandings, or agreements between the USAO

12 and defendant or defendant's attorney, and that no additional

13 promise, understanding, or agreement may be entered into unless in a

14 writing signed by all parties or on the record in court.

15 //

16 //

17 //

18

19

20

21

22

23

24

25

26

27

28

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        33.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   NICOLA T. HANNA
    United States Attorney

9

10  *Christopher C. Kendall*                    September 2, 2021
    CHRISTOPHER C. KENDALL                      Date
11  Assistant United States Attorney

12  *[signature]*                               8-31-21
    JERRY PETTIGREW, JR.                         Date
13  Defendant

14  *[signature]*                               8-31-21
    MILTON GRIMES                               Date
15  Attorney for Defendant
    JERRY PETTIGREW, JR.

16

17                    CERTIFICATION OF DEFENDANT

18       I have read this agreement in its entirety.  I have had enough

19  time to review and consider this agreement, and I have carefully and

20  thoroughly discussed every part of it with my attorney.  I understand

21  the terms of this agreement, and I voluntarily agree to those terms.

22  I have discussed the evidence with my attorney, and my attorney has

23  advised me of my rights, of possible pretrial motions that might be

24  filed, of possible defenses that might be asserted either prior to or

25  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26  of relevant Sentencing Guidelines provisions, and of the consequences

27  of entering into this agreement.  No promises, inducements, or

28  representations of any kind have been made to me other than those

                              16

1  contained in this agreement or in an agreement signed by all parties

2  or on the record in court.  No one has threatened or forced me in any

3  way to enter into this agreement.  I am satisfied with the

4  representation of my attorney in this matter, and I am pleading

5  guilty because I am guilty of the charges and wish to take advantage

6  of the promises set forth in this agreement, and not for any other

7  reason.

8

9  JERRY PETTRIGREW, JR.                    Date    8-31-21

   Defendant

10

11                 CERTIFICATION OF DEFENDANT'S ATTORNEY

12      I am JERRY PETTRIGREW, JR.'s attorney.  I have carefully and

13  thoroughly discussed every part of this agreement with my client.

14  Further, I have fully advised my client of his rights, of possible

15  pretrial motions that might be filed, of possible defenses that might

16  be asserted either prior to or at trial, of the sentencing factors

17  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

18  provisions, and of the consequences of entering into this agreement.

19  To my knowledge: no promises, inducements, or representations of any

20  kind have been made to my client other than those contained in this

21  agreement or in an agreement signed by all parties or on the record

22  in court; no one has threatened or forced my client in any way to

23  enter into this agreement; my client's decision to enter into this

24  agreement is informed and voluntary; and the factual basis set forth

25  //

26  //

27  //

28  //

1  in this agreement is sufficient to support my client's entry of a

2  guilty plea pursuant to this agreement.

3

4  MILTON GRIMES                              Date
   Attorney for Defendant
5  JERRY PETTRIGREW, JR.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28